```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANIL KAPOOR,
```

         Plaintiff,        **REPORT AND**
                       **RECOMMENDATION**
    -against-             **CV 05-2106 (JS)(ARL)**

BROOKHAVEN MEMORIAL HOSPITAL
MEDICAL CENTER, et al.,

         Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

  Before the court is the defendants' letter application dated September 15, 2006, requesting that the court recommend that the plaintiff's action be dismissed for failure to prosecute. The plaintiff has not responded to the application. For the reasons set forth below, the undersigned recommends that the case be dismissed for failure to prosecute.

  By way of background, the pro se plaintiff, Anil Kapoor, commenced this action on May 2, 2005, alleging that the defendants had discriminated against him in violation of Title VII, 42 U.S.C. § 2000-e *et seq*. The defendants filed an answer to the complaint on September 6, 2005. By order dated November 17, 2005, the court scheduled an initial conference for December 21, 2005, which was subsequently adjourned to January 25, 2006 because the plaintiff indicated he had "prior commitments and family issues." Counsel for the defendant then advised the court that she had a scheduling conflict on January 25, 2006, and the conference was again rescheduled to February 1, 2006.

  Both parties appeared for the initial conference on February 1st and the court entered a scheduling order establishing May 23, 2006, as the deadline for motions for joinder of additional

parties or for amended pleadings and August 15, 2006, as the deadline for all discovery. On April 11, 2006, the court received a letter from the plaintiff requesting that the deadline for motions to join additional parties and amendment of the pleadings be put on hold because he had a family emergency in New Dehli, India. That request was also granted and the deadline for such motions was extended to June 23, 2006. Despite the extension, the plaintiff did not file a motion to join additional parties or amend the complaint.

On July 28, 2006, the defendants filed a letter application seeking to compel the plaintiff to respond to their Request for the Production of Documents and Interrogatories served on him on February 15, 2006. According to the defendants, on March 30, 2006, they advised the plaintiff that the period of time to respond to the discovery requests had passed. In that letter, the defendants requested that the plaintiff respond to the outstanding requests by April 13, 2006. Although they did not receive a response, the defendants did not immediately seek to compel responses because they were also advised that the plaintiff was leaving the country on a family emergency. When the plaintiff returned to the country in mid-May, and had still not responded to any of the defendants' discovery requests, the defendants moved to compel responses. That request was granted as unopposed. The court directed the plaintiff to respond to all outstanding discovery requests by August 28, 2006. The court also warned the plaintiff that if he failed to comply with the order the court could, upon application of the defendants, recommend that the case be dismissed pursuant to Rule 41(b).

Upon receipt of the court's order, counsel for the defendants then requested an additional two weeks to take the plaintiff's deposition so that they could review any responses to the discovery requests prior to the deposition. Again, the plaintiff did not oppose the application. The court granted the application and directed the plaintiff to appear for a deposition prior to

September 11, 2006.

In the instant application, the defendants have advised the court that the plaintiff has not responded to any outstanding discovery requests or appeared for his deposition. Accordingly, the court now makes the recommendation that the case be dismissed, based on the plaintiff's repeated failures to comply with this court's orders and his failure to prosecute. See Fed. R. Civ. P. 41(b). Rule 41(b) gives the district court power to dismiss a complaint "for failure to comply with a court order, treating noncompliance as a failure to prosecute." *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir. 1995). It is well settled that a dismissal under Rule 41(b) "operates as an adjudication on the merits and that such a dismissal is with prejudice." *Hoffman v. Wisner Classic Mfg. Co.,* 927 F. Supp. 67, 71 (E.D.N.Y. 1996) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-32 (1962)).

A copy of the Report and Recommendation is being sent by the Court to counsel for the defendants and the plaintiff. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      October 3, 2006

                                                              /s/
                                        ARLENE ROSARIO LINDSAY
                                        United States Magistrate Judge